KARA L. JASSY, Bar No. 198846
kjassy@littler.com
ASHLEY J. BRICK, Bar No. 281657
abrick@littler.com
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendants
AMERISOURCEBERGEN CORPORATION and
WORLD COURIER INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>AMERISOURCEBERGEN CORPORATION; WORLD COURIER INC.; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 2:16-cv-4937<br><br>**DEFENDANTS AMERISOURCEBERGEN CORPORATION AND WORLD COURIER INC.'S NOTICE TO FEDERAL COURT OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332 , 1441 & 1446]**<br><br>Complaint Filed: May 5, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF ANTHONY COLLINS AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants AmerisourceBergen Corporation and World Courier Inc. ("Defendants") hereby remove the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446.

This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

Defendants make the following allegations in support of removal:

## I. STATUS OF PLEADINGS, PROCESS AND ORDERS

1. This lawsuit arises out of Plaintiff Anthony Collins' employment with Defendants.

2. On May 5, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *ANTHONY COLLINS v. AMERISOURCEBERGEN CORPORATION; WORLD COURIER INC.; and DOES 1 through 100, Inclusive,* designated as Case No. BC619621 (the "Complaint").

3. The Complaint purports to assert the following causes of action: (1) disability harassment, discrimination and retaliation in violation of California Government Code §§ 12940 *et seq.* (FEHA); (2) harassment, discrimination and retaliation in violation of California Government Code §§ 12945.2 *et seq.* (CFRA); (3) violation of Labor Code §§ 232.5, 6310 and 6400 (unsafe workplace/violence); (4) violation of California Labor Code §§ 1102.5 *et seq.* (whistleblower statute); (5) wrongful termination in violation of public policy; and (6) declaratory/injunctive relief. *See* Declaration of Ashley J. Brick in Support of Removal ("Brick Decl.") ¶ 2, Ex. 1.

4. On June 6, 2016, Defendants' registered agent received by mail

1  Summonses and copies of the Complaint. At the same time, Defendants' registered
2  agent received a copy of a Civil Case Cover Sheet Addendum and Statement of
3  Location, Plaintiff's Notice of Case Management Conference, a Notice of Case
4  Assignment, and assorted state-court stipulation forms. Brick Decl. ¶ 3, Exs. 2 & 3.
5  No other documents have been served upon Defendants. Brick Decl. ¶ 4.

6       5.    The Complaint also names as defendants "DOES 1 through 100,
7  Inclusive." Defendants are informed and believe, and on that basis allege, that none
8  of the fictitiously named defendants have been served with a copy of the Summons
9  and Complaint. Therefore, the fictitiously named defendants are not parties to this
10 action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d
11 1209, 1213 (9th Cir. 1980); 28 U.S.C. § 1441(a).

12      6.    On July 1, 2016, Defendants filed their Answer to Plaintiff's Complaint
13 for Damages in Superior Court of the State of California, County of Los Angeles.
14 Brick Decl. ¶ 5, Ex. 4.

15 **II.    JURISDICTION AND VENUE**

16      7.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and
17 1391(a) because a substantial part of the acts alleged in the Complaint are alleged to
18 have occurred in this District.

19      8.    As discussed below, this Court has original jurisdiction over this action
20 pursuant to 28 U.S.C. § 1332(a), and this action may be removed to this Court by
21 Defendants pursuant to 28 U.S.C. § 1441(b) because it is a civil action between
22 citizens of different states and the amount in controversy exceeds $75,000.00,
23 exclusive of interest and costs.

24      **A.    There Is Complete Diversity Between the Parties.**
25           **1.    Plaintiff Is a Citizen of California.**

26      9.    For diversity purposes, an individual is a citizen of the state in which he
27 or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.
28 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship

determined at time lawsuit is filed).

10. Plaintiff alleges that, at all relevant times and through the date this action was commenced, he has resided in the State of California. Compl. ¶ 1. Therefore, Plaintiff was at all relevant times a citizen of California.

### 2. Neither AmerisourceBergen Corporation nor World Courier Inc. Is a Citizen of California.

11. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where is has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id.*

13. Defendant AmerisourceBergen Corporation was incorporated in the State of Delaware. *See* Declaration of Carolyn Traczykiewicz in Support of Removal ("Traczykiewicz Decl.") ¶ 3.

14. AmerisourceBergen Corporation's headquarters and corporate offices are located in Conshohocken, PA or Chesterbrook, PA, which is where it performs most of its executive and administrative functions. Traczykiewicz Decl. ¶ 4.

15. Defendant World Courier Inc. was incorporated in the State of Delaware. Traczykiewicz Decl., ¶ 5.

16. World Courier Inc.'s headquarters and corporate offices are located in Hyde Park, NY, which is where its officers and directors perform the company's executive and administrative functions. Traczykiewicz Decl. ¶ 6.

17. Therefore, neither AmerisourceBergen Corporation nor World Courier Inc. is a citizen of the State of California for purposes of determining diversity of

citizenship. *Brietman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (using the "nerve center" test, corporation was citizen of state in which its corporate headquarters were located and where its executive and administrative functions were performed).

### 3. The Citizenship of the Doe Defendants Should Be Disregarded for Diversity Purposes.

18. For purposes of removal, the citizenship of defendants sued under fictitious names should be disregarded, and citizenship of only named defendants should be considered. 28 U.S.C. § 1441(a).

19. Defendants Does 1 through 100 are fictitious. The Complaint does not state the identity or status of these fictitious defendants, nor does it state any specific allegation of wrongdoing against any fictitious defendants. Pursuant to § 1441(a), the citizenship of these fictitious defendants cannot destroy the diversity of citizenship between the parties and should be disregarded. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

### B. The Amount in Controversy Exceeds $75,000.

20. Plaintiff's Complaint does not specify the amount that he seeks to recover from Defendants in this action. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014).

21. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in her complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's Complaint, and not

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

1  how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (citing *Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint)). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

22. Although Defendants deny the validity and merit of all of Plaintiff's claims and allegations and deny that Plaintiff is entitled to any relief, Plaintiff's claims establish an amount "in controversy" in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

**1. Lost Wages**

23. Plaintiff's Complaint includes five separate causes of action arising out of the termination of his employment (and a request for injunctive relief). The damages that he seeks to recover include loss of earnings. Compl. at 21 (prayer for relief).

24. If Plaintiff prevails on his wrongful termination and/or his discrimination claims, he potentially could recover the amount he would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions ("CACI") No. 2433 (2012); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970).

25. At the time Plaintiff's employment ended on or about October 3, 2014, he was paid at the rate of $18.38 per hour. *See* Declaration of Annmarie Giallanza in Support of Removal ¶ 3. Assuming conservatively that Plaintiff worked 40 hours per week, if he were to recover back wages from October 3, 2014 to the present, he potentially could recover back wages totaling approximately $66,900 ($18.38/hr. *x* 40 hrs. *x* 91 wks.). Moreover, if the case proceeds to trial in June 2017 – a year from when Defendants were served – and Plaintiff remains unemployed, he may be seeking

a total of about 138 weeks of lost wages, or approximately **$101,460** ($18.38/hr. *x* 40 hrs. *x* 138 wks.). Thus, the amount in controversy attributable to Plaintiff's claims for lost wages alone establishes an amount in controversy in excess of the jurisdictional minimum.

### 2. Emotional Distress Damages

26. Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, he has suffered, *inter alia*, "severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety." Compl. ¶¶ 28, 42, 54, 67, 81. Plaintiff's potential recovery of such damages further augments the foregoing amount and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy); *see also Velez v. Roche*, 335 F. Supp. 2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination and harassment cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish").

27. In *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." 432 F.3d at 980. Based on the conservative estimate from *Kroske*, Plaintiff's potential recovery of emotional distress damages could add at least **$25,000** to the amount in controversy.

### 3. Punitive Damages

28. Plaintiff also seeks an award of punitive damages. *See* Compl. at 22 (prayer for relief). Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of

1  oppression, fraud, or malice." CAL. CIV. CODE § 2394(a). Punitive damages may be
2  included in calculating the amount in controversy. See *Davenport v. Mut. Benefit*
3  *Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). A single-digit ratio (i.e.,
4  no more than nine-to-one) is typically appropriate for an award of punitive damages.
5  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

6        29. Plaintiff alleges, *inter alia*, that he suffered from an actual and/or
7  perceived disability and that Defendants discriminated against him on the basis of his
8  disability by ignoring his requests for accommodation, failing to move him to another
9  position, and terminating his employment. Compl. ¶¶ 7, 13-14, 18-20. Jury verdicts
10 in California cases involving similar factual allegations demonstrate that, were
11 Plaintiff to prove the allegations of the Complaint and prevail at trial, his punitive
12 damages could bring the amount in controversy to well over the $75,000 threshold.
13 For instance, in *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009), the plaintiff alleged
14 that, after she began experiencing panic attacks during her employment, her employer
15 refused to accommodate her condition by permitting her to be absent without notice,
16 and ultimately terminated her employment for violating its attendance policy. The
17 plaintiff then sued and asserted claims under the FEHA for disability discrimination
18 and harassment, failure to accommodate, and wrongful termination. The jury returned
19 a verdict for the plaintiff and awarded punitive damages of $15 million against the
20 employer. The intermediate appellate court reduced the punitive damages award to $2
21 million, and the California Supreme Court further reduced it to $1,905,000 (equal to
22 the compensatory damages award). In *McGee v. Tucoemas Federal Credit Union*,
23 153 Cal. App. 4th 1351 (2007), the plaintiff alleged that, after she had taken a leave of
24 absence to undergo treatment for breast cancer, her employer required her to return to
25 work after four months and told her that she would be fired if she needed more time.
26 When she requested that she be permitted to work from home, her request was denied;
27 upon returning to work, she was demoted to a position that involved greater physical
28 demands. The plaintiff resigned her position due to stress. She then sued the

1  employer, alleging claims of disability discrimination, failure to provide a reasonable
2  accommodation, and failure to engage in the interactive process. The jury returned a
3  verdict for the plaintiff and awarded her $1.2 million in punitive damages against the
4  employer. The appellate court affirmed.

5  30. Although Defendants dispute that Plaintiff is entitled to recover any
6  amount in punitive damages, the *Roby* and *McGee* decisions illustrate that a punitive
7  damages award potentially could alone exceed $1 million. And, most conservatively,
8  the amount awarded in punitive damages in this matter could be at least **$50,000**.

### 4. Attorney's Fees

10  31. Plaintiff's Complaint also includes a claim for attorney's fees. Compl. at
11  21 (prayer for relief). Attorney's fees that are potentially recoverable by statute also
12  are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*,
13  142 F.3d 1150, 1155-56 (9th Cir. 1998).

14  32. The bulk of Plaintiff's Complaint alleges violations of the Fair
15  Employment and Housing Act, which authorizes an award of reasonable attorneys'
16  fees to a prevailing plaintiff. CAL. GOV. CODE §12965(b). While Plaintiff's attorneys'
17  fees cannot be precisely calculated, it is reasonable to assume that they could exceed a
18  damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002)
19  (noting that "attorneys' fees in individual discrimination cases often exceed the
20  damages").

21  33. Any estimate of attorney's fees includes fees over the life of the case, not
22  just the fees incurred at the time of removal. *Id.* "Recent estimates for the number of
23  hours expended through trial for employment cases in [the Central District of
24  California] have ranged from 100 to 300 hours. Therefore, 100 hours is an
25  appropriate and conservative estimate. Accordingly, attorneys' fees in [an
26  employment discrimination case alleging wrongful termination] may reasonably be
27  expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah*
28  *Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS

25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted). Thus, Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy.

34. Consequently, a preponderance of the evidence demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

35. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty days of service of the Complaint on Defendants on June 6, 2016, and within one year after commencement of this action.

36. As required by 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of this Notice of Removal to Marcus A. Mancini, Christopher Barnes, Tara J. Licata, and Armando M. Solarzano, counsel for Plaintiff, and will also promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## IV. CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendants remove this action from the Superior Court of Los Angeles County, California, to this Court, and request that this Court assume full jurisdiction over this matter as provided by law.

Dated: July 6, 2016

/s/ Ashley J. Brick
KARA L. JASSY
ASHLEY J. BRICK
LITTLER MENDELSON, P.C.
Attorneys for Defendants
AMERISOURCEBERGEN
CORPORATION and WORLD
COURIER INC.

Firmwide:140940736.3 087060.1002

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.