1 | MARCUS A. MANCINI, ESQ. (State Bar No.146905)
CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2 | TARA J. LICATA, ESQ. (State Bar No.266111)
ARMANDO M. SOLORZANO, ESQ. (State Bar No. 282650)
3 | **MANCINI & ASSOCIATES**
A Professional Law Corporation
4 | 15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403
5 |
(818) 783-5757  Phone
6 | (818) 783-7710  Fax
7 | Attorneys for Plaintiff **ANTHONY COLLINS**

*A6037*
*9 0301*
*DEPT. 55*
*MALCOLM MACKEY*

**FILED**
Superior Court of California
County of Los Angeles

MAY 05 2016

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Judi Lara

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10 | **BC 6 1 9 6 2 1**

| | |
|---|---|
| 11  ANTHONY COLLINS, | Case No. |
| 12          Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES:** |
| 13     *vs.* | |
| 14 | **(1)   FOR PERCEIVED AND/OR PHYSICAL DISABILITY HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12940 ET SEQ. [FEHA];** |
| 15  AMERISOURCEBERGEN CORPORATION; WORLD COURIER INC.; | |
| 16  and DOES 1 through 100, Inclusive, | |
| 17          Defendants. | |
| 18 | **(2)   FOR HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§12945.2 ET SEQ. [CFRA];** |
| 19 | |
| 20 | |
| 21 | |
| 22 | **(3)   FOR VIOLATION OF LABOR CODE §§232.5, 6310 AND 6400 SEQ. [Unsafe Workplace/Violence];** |
| 23 | |
| 24 | **(4)   FOR VIOLATION OF CALIFORNIA LABOR CODE §§1102.5 ET. SEQ. [Whistleblower Statute];** |
| 25 | |
| 26 | |
| 27 | **(5)   FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| 28 | |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

RECEIPT #: CCH5208793
DATE PAID: 05/05/16
PAYMENT: $435.00
RECEIVED: 12:38 PM

CIT/CASE#: BC619621
LEA/DEF#:

$435.00
$0.00
$0.00
$0.00
310

| | (6) | **FOR DECLARATORY RELIEF** |
|---|---|---|
| | | **[Permanent Injunction** |
| | | **Requested];** |
| | | |
| | | **JURY TRIAL DEMANDED** |
| | | |
| | | **UNLIMITED JURISDICTION:** |
| | | **CASE VALUE IN EXCESS OF** |
| | | **$25,000.00** |

**COMES NOW** Plaintiff **ANTHONY COLLINS** (hereinafter referred to as "COLLINS" or "Plaintiff") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, alleges as follows:

## I.

### FIRST CAUSE OF ACTION

**(For Perceived and/or Physical Disability**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.     At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Orange, State of California.

2.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant AMERISOURCEBERGEN CORPORATION (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Riverside, State of California.

3.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant WORLD COURIER INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

4.  Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

5.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, joint employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.  At all times herein mentioned, for close to four (4) years until Plaintiff's wrongful termination on or about October 3, 2014, Plaintiff was employed as a Help Desk Support Specialist and Customer Representative by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.  At all times hereinalleged, Plaintiff had the perceived and/or physical disability(s) of head injuries, neck injuries, bilateral shoulder injuries, right knee injuries, associated conditions and others.

8.  Prior to, or on or about January 6, 2014, during work activity(s), Plaintiff notified Defendant WORLD COURIER INC. that it was unsafe to adjust strap(s) on and/or strap a container that still had contents in it. Defendant WORLD COURIER INC. instructed and ordered

3

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Plaintiff to do so anyways and, sure enough, Plaintiff was injured and suffered disability(s).

2        9.      On or about January 6, 2014, Plaintiff developed and/or aggravated and/or sustained

3   perceived and/or physical disability(s) including, but not limited to, head injuries, neck injuries,

4   bilateral shoulder injuries, right knee injuries, associated conditions and others.

5        10.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

6        11.     Plaintiff made and/or articulated a Worker's Compensation claim(s), in or around

7   March 2014.

8        12.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other

9   medical and/or other negotiated leave in order to recuperate and heal.

10       13.     Plaintiff's physician(s) gave Plaintiff work restrictions including lifting, squatting

11  and bending restrictions.

12       14.     Defendants, and each of them, represented to Plaintiff that they could not

13  accommodate his restrictions, and Plaintiff's physician(s) placed Plaintiff on CFRA and/or other

14  medical and/or other negotiated leave in order to recuperate and heal, through approximately

15  March 25, 2014.

16       15.     Prior to June 16, 2014, Plaintiff sought to transfer employment to Defendant

17  WORLD COURIER INC.'s partner company, Defendant AMERISOURCEBERGEN

18  CORPORATION, and successfully transferred on or about June 16, 2014 as a Representative 1

19  Customer Systems Support Specialist.

20       16.     On or about October 3, 2014, Defendants, and each of them, retaliated against and

21  wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that

22  Plaintiff had problems "resolving customer's issues accurately and within allotted timeframes."

23       17.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

24  them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual.

25       18.     At all times hereinalleged, Plaintiff was a qualified disabled worker with one or

26  more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's

27  job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's

28  fellow employees, and who was entitled to preferential reassignment.

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

19.     From January 2014, and continuing at least through October 3, 2014, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the following continuous actions, and conduct, among others:

a.     Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.     Failing to take any affirmative steps to inform Plaintiff of any job opportunities within the company;

c.     Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s);

d.     Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

e.     On or about October 3, 2014, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff had problems "resolving customer's issues accurately and within allotted timeframes;"

f.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual;

g.     Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as hereinalleged;

h.     Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave;

i.     Failing to rehire and/or reemploy Plaintiff.

20.     The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq. Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of

2 perceived and/or physical disability harassment, discrimination and retaliation. Said statutes were

3 intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times

4 material hereto, an employee with a perceived and/or physical disability(s), and within the

5 protected class covered by California Government Code §12940, prohibiting perceived and/or

6 physical disability harassment, discrimination and retaliation in employment.

7     21.     By the acts and conduct described above, Defendants, and each of them, in violation

8 of said statutes, knew about, or should have known about, and failed to investigate and/or properly

9 investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and

10 discrimination. The acts of discrimination, retaliation and harassment described herein were

11 sufficiently pervasive so as to alter the conditions of employment, and created an abusive working

12 environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's

13 perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a

14 substantial factor motivating and/or motivating reasons in Defendants' conduct.

15     22.     The acts and conduct of Defendants, and each of them, as aforesaid, was in

16 violation of California Government Code §12948, in that Defendants, and each of them, denied,

17 aided, incited and conspired to deny and deprive Plaintiff of his right to have his workplace(s) (i.e.

18 business establishment) free of discrimination and retaliation based on his protected category of

19 physical disability.

20     23.     Plaintiff filed timely charges and complaints of perceived and/or physical disability

21 harassment, retaliation and discrimination with the California Department of Fair Employment and

22 Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to

23 California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's

24 administrative remedies under the California Government Code. Attached hereto and incorporated

25 herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.

26 Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by

27 reference hereto are made a part hereof.

28 /// 

---

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

24.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

25.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

26.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

27.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

28.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

2  plaintiff, who will pray leave of court to assert the same when they are ascertained.

3      29.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of

4  this court.

5      30.     The aforementioned acts of Defendants, and each of them, were wilful, wanton,

6  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

7  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

8  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

9  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

10  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

11      31.     As a result of the discriminatory acts of Defendants, and each of them, as alleged

12  herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

13  provided in California Government Code § 12965(b).

14                          **II.**

15              **SECOND CAUSE OF ACTION**

16          **(For Violation of the Family Rights Act**

17          **[California Government Code § 12945.2]**

18      **Against All Defendants and DOES 1 Through 100, Inclusive)**

19      32.     Plaintiff incorporates herein by reference Paragraphs 1 through 31 as though set

20  forth in full herein.

21      33.     Plaintiff was an employee of Defendants who qualified for leave due to physical

22  and/or mental disability(s) pursuant to California Government Code §12945.2 et seq.

23      34.     At all times herein mentioned, Defendants were  "Employer[s]" within the

24  definition of Government Code §12945.2, in that Defendants regularly employed 50 or more

25  people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave

26  protection than CFRA.

27  / / /

28  / / /

                          8

35.     Beginning in or around January 2014, and continuing at least through October 3, 2014, and continuing, Defendants and DOES 1 through 100, and each of them, denied and retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family Care and Medical Leave, by the following actions, among others:

a.     Defendants, and each of them, harassed, discriminated against and retaliated against Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

b.     Defendants and each of them, retaliated against Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code §12945.2 et seq. by, amongst others, failing to return Plaintiff to work and/or terminating Plaintiff.

36.     By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act. The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment. Plaintiff's request and/or taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful conduct were motivating reasons in Defendants' conduct.

37.     Plaintiff filed  timely charges and complaints of retaliation, harassment and discrimination in violation of the Family Rights Act with the California Department of Fair Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

38.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 | ascertained.

2 |     39.    As a direct and legal result of the acts and omissions of Defendants, and each of
3 | them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
4 | externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
5 | discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,
6 | who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this
7 | time know the exact duration or permanence of said injuries, but is informed and believes, and
8 | thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

9 |     40.    As a further legal result of the acts and omissions of the Defendants, and each of
10 | them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
11 | during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
12 | she will in the future be forced to incur additional expenses of the same nature, all in an amount
13 | which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said
14 | expenses at the time of trial.

15 |     41.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but
16 | since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and
17 | believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's
18 | usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount
19 | which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of
20 | loss of earnings at the time of trial.

21 |     42.    As a further direct and legal result of the acts and conduct of Defendants, as
22 | aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
23 | emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
24 | discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to
25 | plaintiff, who will pray leave of court to assert the same when they are ascertained.

26 |     43.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of
27 | this court.
28 | / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Doc# 1 Page# 10 - Doc ID = 1651710413 - Doc Type = OTHER

44.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

45.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

### III.

### THIRD CAUSE OF ACTION

**(For Violation of Labor Code §§232.5, 6310 and 6400 et seq. [Unsafe Workplace/Violence]**

**Against All Defendants and DOES 1 -100, Inclusive)**

46.     Plaintiff incorporates herein by reference Paragraphs 1 through 45 of this Complaint as though set forth in full herein.

47.     Prior to, and in or around, January 2014, and continuing, Plaintiff made complaints and/or protests and/or disclosures to Defendants, and each of them, of actual and/or potential violations of California Labor Code §§232.5, 6310 and 6400, that Plaintiff and other employees were being subjected to an unsafe workplace including, but not limited to, unsafe working conditions consisting of potential workplace accidents and injuries.

48.     On or about October 3, 2014, Defendants, and each of them, retaliated against and wrongfully terminated Plaintiff for complaining about an unsafe workplace including, but not limited to, Plaintiff and other employees being subjected to an unsafe workplace including, but not limited to, unsafe working conditions consisting of workplace accidents and injuries.  When Plaintiff was wrongfully terminated, Plaintiff's complaints of an unsafe workplace and unsafe working conditions was a contributing factor and/or reason in Plaintiff's termination.

/ / /

/ / /

11

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

49.     Defendants actions violated California Labor Code §§232.5, 6310 and 6400, which prohibit retaliating, discriminating and/or wrongfully terminating an employee for that employee's refusal to participate in unsafe work practices and conditions and/or complaining about unsafe work practices and conditions.

50.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

51.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the Plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

52.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

53.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

12
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    loss of earnings at the time of trial.

2        54.    As a further direct and legal result of the acts and conduct of Defendants, as

3    aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

4    emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

5    discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

6    Plaintiff, who will pray leave of court to assert the same when they are ascertained.

7        55.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

8    of this court.

9        56.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

10   malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

11   of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

12   Defendants, and each of them, and DOES 1 through 100, and with the express knowledge, consent,

13   and ratification of managerial agents and employees of Defendants, and each of them, and DOES 1

14   through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to

15   be determined at the time of trial.

16       57.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

17   herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

18   provided in California Code Of Civil Procedure §1021.5.

19   **IV.**

20   **FOURTH CAUSE OF ACTION**

21   **For Violation Of California Labor Code § 1102.5 (Whistle-Blower Statute)**

22   **Against all Defendants and DOES 1-100, Inclusive**

23       58.    Plaintiff incorporates herein by reference Paragraphs 1 through 57 of this Complaint

24   as though set forth in full herein.

25       59.    Prior to, and in or around, January 2014, and continuing, Plaintiff made complaints

26   and/or protests and/or disclosures to Defendants, and each of them, of actual and/or potential

27   violations of California Labor Code §§232.5, 6310 and 6400, that Plaintiff and other employees

28   were being subjected to an unsafe workplace including, but not limited to, unsafe working

13
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  conditions consisting of potential workplace accidents and injuries.

2       60.    Defendants, and each of them, believed that Plaintiff did or might disclose

3  information to a law enforcement or government agency, or to a person with authority over

4  Plaintiff or another employee who has the authority to investigate, discover, or correct the violation

5  or noncompliance, or would provide information to, or testify before, any public body conducting

6  an investigation, hearing, or inquiry.

7       61.    By the acts herein alleged and in violation of California <u>Labor Code</u> §1102.5,

8  Defendants, and each of them made, adopted, and enforced rules, regulations, and policies

9  including, but not limited to, Plaintiff's termination, preventing Plaintiff from disclosing

10  information to government and law enforcement agencies, where Plaintiff had reasonable cause to

11  believe that Plaintiff's employer, Defendants, were violating unsafe workplace and unsafe

12  workplace condition laws.

13       62.    In retaliation for Plaintiff's disclosures to the Defendants that they were in violation

14  of the aforementioned laws, as herein alleged, Defendants, and each of them, instead wrongfully

15  terminated Plaintiff in violation of California <u>Labor Code</u> §1102.5 on or about January 17, 2015.

16  When Plaintiff was terminated, Plaintiff's complaints of violations of State and/or Federal law was

17  a contributing factor and/or reason in Plaintiff's termination.

18       63.    By the aforesaid acts and conduct of Defendants, and each of them, has been

19  directly and legally caused to suffer actual damages pursuant to California <u>Civil Code</u> §3333

20  including, but not limited to, loss of earnings and future earning capacity, medical and related

21  expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary

22  loss not presently ascertained, for which plaintiff will seek leave of court to amend when

23  ascertained.

24       64.    As a direct and legal result of the acts and omissions of Defendants, and each of

25  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

26  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

27  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

28  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  time know the exact duration or permanence of said injuries, but is informed and believes, and

2  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

3      65.    As a further legal result of the acts and omissions of the Defendants, and each of

4  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

5  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

6  Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an

7  amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount

8  of said expenses at the time of trial.

9      66.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

10  since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is

11  informed and believes, and thereon alleges, that he will be incapacitated and unable to perform

12  Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

13  amount which is at present unascertained..  Plaintiff will pray leave of court to show the total

14  amount of loss of earnings at the time of trial.

15      67.    As a further direct and legal result of the acts and conduct of Defendants, as

16  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

17  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

18  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

19  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

20      68.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

21  this court.

22      69.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

23  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

24  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

25  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

26  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

27  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

28  / / /

---

15

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

70.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure § 1021.5.

**V.**

**FIFTH CAUSE OF ACTION**

**(For Retaliation and Wrongful Constructive Termination in Violation of Public Policy Against Defendants and DOES 1 -100, Inclusive)**

71.     Plaintiff incorporates herein by reference Paragraphs 1 through 70 as though set forth in full herein.

72.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940 was to prohibit employers from discriminating, harassing, and retaliating against any individual based on perceived and/or physical disability(s).  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination, retaliation and  harassment, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., and the laws and regulations promulgated thereunder.

73.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12945.2 was to prohibit employers from discriminating and retaliating against any individual based on their taking, requesting or needing Family Medical Leave.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination and retaliation, was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12945.2 et seq.,

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1 and the laws and regulations promulgated thereunder.

2   74. At all times herein mentioned, the public policy of the State of California, as

3 codified, expressed and mandated in California Labor Code §§232.5, 6310 and 6400, was to

4 prohibit employers from discriminating against, retaliating against and terminating any individual

5 on the grounds of their refusal to participate in unsafe work practices and conditions and/or

6 complaining about unsafe work practices and conditions or refusing to commit an unlawful act.

7 This public policy of the State of California is designed to protect all employees and to promote the

8 welfare and well being of the community at large.  Accordingly, the actions of Defendants, and

9 each of them, in discriminating, harassing and retaliating and terminating Plaintiff on the grounds

10 alleged and described herein were wrongful and in contravention and violation of the express

11 public policy of the State of California, to wit, the policy set forth in California Labor Code

12 §§232.5, 6310 and 6400, and the laws and regulations promulgated thereunder.

13   75. At all times herein mentioned, the public policy of the State of California, as

14 codified, expressed and mandated in California Labor Code §1102.5, was to prohibit employers

15 from discriminating against, retaliating against and terminating any individual on the grounds of

16 their complaining of unlawful activity [i.e. actual and/or potential violations of California Labor

17 Code §§232.5, 6310 and 6400, which prohibit retaliating, discriminating and/or wrongfully

18 terminating an employee for that employee's refusal to participate in unsafe work practices and

19 conditions and/or complaining about unsafe work practices and conditions; or refusing to commit

20 an unlawful act].  This public policy of the State of California is designed to protect all employees

21 and to promote the welfare and well being of the community at large.  Accordingly, the actions of

22 Defendants, and each of them, in discriminating, harassing and retaliating and terminating Plaintiff

23 on the grounds alleged and described herein were wrongful and in contravention and violation of

24 the express public policy of the State of California, to wit, the policy set forth in California Labor

25 Code § 1102.5,  et seq., and the laws and regulations promulgated thereunder.

26   76. At all times herein mentioned, the public policy of the State of California, as

27 codified, expressed and mandated in California Labor Code §132a was to prohibit employers from

28 discriminating, harassing, and retaliating against any individual based on their making and/or

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   articulating a Worker's Compensation claim(s). This public policy of the State of California is
2   designed to protect all employees and to promote the welfare and well-being of the community at
3   large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and
4   terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,
5   retaliation and harassment, was wrongful and in contravention and violation of the express public
6   policy of the State of California, to wit, the policy set forth in California Labor Code §132a et seq.,
7   and the laws and regulations promulgated thereunder.

8       77.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
9   been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
10  including, but not limited to, loss of earnings and future earning capacity, medical and related
11  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
12  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
13  ascertained.

14      78.     As a direct and legal result of the acts and omissions of Defendants, and each of
15  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
16  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
17  discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff,
18  who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this
19  time know the exact duration or permanence of said injuries, but is informed and believes, and
20  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

21      79.     As a further legal result of the acts and omissions of the Defendants, and each of
22  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
23  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
24  she will in the future be forced to incur additional expenses of the same nature, all in an amount
25  which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said
26  expenses at the time of trial.
27  / / /
28  / / /

18
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

80. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

81. As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

82. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

83. The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

84. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

**VI.**

**SIXTH CAUSE OF ACTION**

**(For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)**

85. Plaintiff incorporates herein by reference Paragraphs 1 through 84 as though set forth in full herein.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

86.     Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203, declaring that Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

87.     At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

88.     This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

89.     At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

90.     As a result of the wrongful acts of Defendants, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

91.    As a result of the wrongful conduct of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203.

**WHEREFORE,** Plaintiff **ANTHONY COLLINS,** prays for judgment against the Defendants, and each of them, as follows:

1.    For general damages in an amount within the jurisdictional limits of this Court;

2.    For medical expenses and related items of expense, according to proof;

3.    For loss of earnings, according to proof;

4.    For loss of earning capacity, according to proof;

5.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.    For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.    For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

9.    For prejudgment interest according to proof;

21

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

10. For punitive and exemplary damages, according to proof;

11. For costs of suit incurred herein; and

12. For such other and further relief as the court may deem just and proper.

Dated: May 5, 2016

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**ANTHONY COLLINS**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**