# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** AMERISOURCEBERGEN CORPORATION;
*(AVISO AL DEMANDADO):* WORLD COURIER INC.; and DOES 1
through 100, Inclusive,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

JUN 0 6 2016

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAY 0 5 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** ANTHONY COLLINS,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

LOS ANGELES COUNTY SUPERIOR COURT
111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**BC 6 1 9 6 2 1**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marcus A. Mancini, Esq.       SBN 146905   (818)783-5757   (818) 783-7710
MANCINI & ASSOCIATES
15303 Ventura Boulevard, Suite 600
Sherman Oaks, CA 91403         SHERRI R. CARTER
DATE:                                         Clerk, by _____ Judi Lara _____, Deputy
*(Fecha)* MAY 0 5 2016                  *(Secretario)*                                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Amerisourcebergen Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Legal
Solutions
Plus
Code of Civil Procedure §§ 412.20, 465

1 | MARCUS A. MANCINI, ESQ. (State Bar No.146905)
2 | CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
  | TARA J. LICATA, ESQ. (State Bar No.266111)
  | ARMANDO M. SOLORZANO, ESQ. (State Bar No. 282650)
3 | **MANCINI & ASSOCIATES**
  | A Professional Law Corporation
4 | 15303 Ventura Boulevard, Suite 600
  | Sherman Oaks, CA 91403
5 |
6 | (818) 783-5757   Phone
  | (818) 783-7710   Fax
7 | Attorneys for Plaintiff **ANTHONY COLLINS**

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

MAY 0 5 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10 | **BC 6 1 9 6 2 1**

| | |
|---|---|
| 11 ANTHONY COLLINS, | Case No. |
| 12   Plaintiff, | **PLAINTIFF'S COMPLAINT FOR DAMAGES:** |
| 13   *vs.* | |
| 14 | (1)   **FOR PERCEIVED AND/OR PHYSICAL DISABILITY HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA <u>GOVERNMENT CODE</u> §§12940 ET SEQ. [FEHA];** |
| 15 AMERISOURCEBERGEN CORPORATION; WORLD COURIER INC.; | |
| 16 and DOES 1 through 100, Inclusive, | |
| 17   Defendants. | |
| 18 | (2)   **FOR HARASSMENT, DISCRIMINATION AND RETALIATION IN VIOLATION OF CALIFORNIA <u>GOVERNMENT CODE</u> §§12945.2 ET SEQ. [CFRA];** |
| 19 | |
| 20 | |
| 21 | |
| 22 | (3)   **FOR VIOLATION OF <u>LABOR CODE</u> §§232.5, 6310 AND 6400 SEQ. [Unsafe Workplace/Violence];** |
| 23 | |
| 24 | (4)   **FOR VIOLATION OF CALIFORNIA <u>LABOR CODE</u> §§1102.5 ET. SEQ. [Whistleblower Statute];** |
| 25 | |
| 26 | |
| 27 | (5)   **FOR RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| 28 | |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

| | | |
|---|---|---|
| ) | **(6)** | **FOR DECLARATORY RELIEF** |
| ) | | **[Permanent Injunction** |
| ) | | **Requested];** |
| ) | | |
| ) | | **JURY TRIAL DEMANDED** |
| ) | | |
| ) | | **UNLIMITED JURISDICTION:** |
| ) | | **CASE VALUE IN EXCESS OF** |
| ) | | **$25,000.00** |
| ) | | |
| ) | | |

**COMES NOW** Plaintiff **ANTHONY COLLINS** (hereinafter referred to as "COLLINS" or "Plaintiff ") and complains against the above-named Defendants and for causes of action against the Defendants, and each of them, alleges as follows:

**I.**

**FIRST CAUSE OF ACTION**

**(For Perceived and/or Physical Disability**

**Harassment, Discrimination and Retaliation in Employment**

**[California Government Code §12940 et seq.]**

**Against All Defendants and DOES 1 Through 100, Inclusive)**

1.      At all times mentioned herein, Plaintiff was, and now is, an individual residing in the County of Orange, State of California.

2.   .    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant AMERISOURCEBERGEN CORPORATION (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Riverside, State of California.

3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant WORLD COURIER INC. (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Los Angeles, State of California.

2

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

4.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

5.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, joint employer, special employer, client employer, labor contractor, alter ego, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

6.    At all times herein mentioned, for close to four (4) years until Plaintiff's wrongful termination on or about October 3, 2014, Plaintiff was employed as a Help Desk Support Specialist and Customer Representative by Defendants and DOES 1 through 100, Inclusive, and each of them, who were also, at all times herein mentioned, Plaintiff's employers, managers and supervisors.

7.    At all times hereinalleged, Plaintiff had the perceived and/or physical disability(s) of head injuries, neck injuries, bilateral shoulder injuries, right knee injuries, associated conditions and others.

8.    Prior to, or on or about January 6, 2014, during work activity(s), Plaintiff notified Defendant WORLD COURIER INC. that it was unsafe to adjust strap(s) on and/or strap a container that still had contents in it.  Defendant WORLD COURIER INC. instructed and ordered

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   Plaintiff to do so anyways and, sure enough, Plaintiff was injured and suffered disability(s).

2       9.      On or about January 6, 2014, Plaintiff developed and/or aggravated and/or sustained

3   perceived and/or physical disability(s) including, but not limited to, head injuries, neck injuries,

4   bilateral shoulder injuries, right knee injuries, associated conditions and others.

5       10.     Plaintiff placed Defendants, and each of them, on notice of Plaintiff's disability(s).

6       11.     Plaintiff made and/or articulated a Worker's Compensation claim(s), in or around

7   March 2014.

8       12.     Plaintiff requested and/or was entitled to and/or was granted CFRA and/or other

9   medical and/or other negotiated leave in order to recuperate and heal.

10      13.     Plaintiff's physician(s) gave Plaintiff work restrictions including lifting, squatting

11  and bending restrictions.

12      14.     Defendants, and each of them, represented to Plaintiff that they could not

13  accommodate his restrictions, and Plaintiff's physician(s) placed Plaintiff on CFRA and/or other

14  medical and/or other negotiated leave in order to recuperate and heal, through approximately

15  March 25, 2014.

16      15.     Prior to June 16, 2014, Plaintiff sought to transfer employment to Defendant

17  WORLD COURIER INC.'s partner company, Defendant AMERISOURCEBERGEN

18  CORPORATION, and successfully transferred on or about June 16, 2014 as a Representative 1

19  Customer Systems Support Specialist.

20      16.     On or about October 3, 2014, Defendants, and each of them, retaliated against and

21  wrongfully terminated Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that

22  Plaintiff had problems "resolving customer's issues accurately and within allotted timeframes."

23      17.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of

24  them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual.

25      18.     At all times hereinalleged, Plaintiff was a qualified disabled worker with one or

26  more perceived and/or physical disability(s), who could perform the essential duties of Plaintiff's

27  job with or without an accommodation, and without causing harm to Plaintiff and/or Plaintiff's

28  fellow employees, and who was entitled to preferential reassignment.

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

19.     From January 2014, and continuing at least through October 3, 2014, and continuing, Defendants and DOES 1 through 100, and each of them, discriminated, harassed, and retaliated against Plaintiff on the basis of Plaintiff's perceived and/or physical disability(s), by the following continuous actions, and conduct, among others:

a.     Failing to determine the extent of Plaintiff's disability(s) and how they could be accommodated;

b.     Failing to take any affirmative steps to inform Plaintiff of any job opportunities within the company;

c.     Failing to consider Plaintiff for and move Plaintiff into openings for which Plaintiff was qualified and could handle subject to Plaintiff's disability(s);

d.     Failing to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations;

e.     On or about October 3, 2014, retaliating against and wrongfully terminating Plaintiff for the false and/or exaggerated and/or pretextual reason(s) that Plaintiff had problems "resolving customer's issues accurately and within allotted timeframes;"

f.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, replaced Plaintiff with and/or kept and/or treated more favorably a non-disabled individual;

g.     Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff's perceived and/or disability(s), as hereinalleged;

h.     Harassing, discriminating and retaliating against Plaintiff on the basis of Plaintiff requesting and/or taking and/or being entitled to CFRA and/or other lawful medical leave;

i.     Failing to rehire and/or reemploy Plaintiff.

20.     The acts and conduct of Defendants, and each of them, as aforesaid, was in violation of California Government Code §12940 et seq.  Said statutes impose certain duties upon Defendants, and each of them, concerning harassment, discrimination and retaliation against

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  persons, such as Plaintiff, on the basis of perceived and/or physical disability and the prohibition of
2  perceived and/or physical disability harassment, discrimination and retaliation. Said statutes were
3  intended to prevent the type of injury and damage herein set forth. Plaintiff was, at all times
4  material hereto, an employee with a perceived and/or physical disability(s), and within the
5  protected class covered by California Government Code §12940, prohibiting perceived and/or
6  physical disability harassment, discrimination and retaliation in employment.

7      21.    By the acts and conduct described above, Defendants, and each of them, in violation
8  of said statutes, knew about, or should have known about, and failed to investigate and/or properly
9  investigate, prevent or remedy the perceived and/or physical disability harassment, retaliation and
10  discrimination. The acts of discrimination, retaliation and harassment described herein were
11  sufficiently pervasive so as to alter the conditions of employment, and created an abusive working
12  environment. When Plaintiff was harassed, discriminated against and retaliated against, Plaintiff's
13  perceived and/or physical disability(s) and/or complaints about the unlawful conduct were a
14  substantial factor motivating and/or motivating reasons in Defendants' conduct.

15      22.    The acts and conduct of Defendants, and each of them, as aforesaid, was in
16  violation of California Government Code §12948, in that Defendants, and each of them, denied,
17  aided, incited and conspired to deny and deprive Plaintiff of his right to have his workplace(s) (i.e.
18  business establishment) free of discrimination and retaliation based on his protected category of
19  physical disability.

20      23.    Plaintiff filed timely charges and complaints of perceived and/or physical disability
21  harassment, retaliation and discrimination with the California Department of Fair Employment and
22  Housing and has received Notice(s) of Right to Sue in a California Superior Court pursuant to
23  California Government Code §12965(b). Plaintiff has therefore exhausted Plaintiff's
24  administrative remedies under the California Government Code. Attached hereto and incorporated
25  herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.
26  Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by
27  reference hereto are made a part hereof.
28  ///

6

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

24.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

25.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

26.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

27.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

28.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

2    plaintiff, who will pray leave of court to assert the same when they are ascertained.

3         29.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of

4    this court.

5         30.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

6    malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

7    of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

8    Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

9    managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

10   awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

11        31.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

12   herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

13   provided in California Government Code § 12965(b).

14                                          II.

15                        SECOND CAUSE OF ACTION

16                  (For Violation of the Family Rights Act

17                  [California Government Code § 12945.2]

18        Against All Defendants and DOES 1 Through 100, Inclusive)

19        32.    Plaintiff incorporates herein by reference Paragraphs 1 through 31 as though set

20   forth in full herein.

21        33.    Plaintiff was an employee of Defendants who qualified for leave due to physical

22   and/or mental disability(s) pursuant to California Government Code §12945.2 et seq.

23        34.    At all times herein mentioned, Defendants were  "Employer[s]" within the

24   definition of Government Code §12945.2, in that Defendants regularly employed 50 or more

25   people and/or adhered and/or abided by CFRA and/or gave their employees equal or greater leave

26   protection than CFRA.

27   / / /

28   / / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

35.     Beginning in or around January 2014, and continuing at least through October 3, 2014, and continuing, Defendants and DOES 1 through 100, and each of them, denied and retaliated against Plaintiff for being entitled to and/or requesting and/or taking Plaintiff's Family Rights and Family Care and Medical Leave, by the following actions, among others:

      a.    Defendants, and each of them, harassed, discriminated against and retaliated against Plaintiff, as hereinalleged, in the terms and conditions of Plaintiff's employment;

      b.    Defendants and each of them, retaliated against Plaintiff because of Plaintiff's entitlement and/or request and/or taking of the right to medical leave in violation of Government Code §12945.2 et seq. by, amongst others, failing to return Plaintiff to work and/or terminating Plaintiff.

36.     By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to investigate and/or properly investigate, prevent or remedy the retaliation and discrimination in violation of the Family Rights Act.  The acts of discrimination described herein were sufficiently pervasive so as to alter the conditions of employment, and created an abusive working environment.  Plaintiff's request and/or taking and/or right to take, Family Medical Leave, and/or Plaintiff's complaints about the unlawful conduct were motivating reasons in Defendants' conduct.

37.     Plaintiff filed  timely charges and complaints of retaliation, harassment and discrimination in violation of the Family Rights Act with the California Department of Fair Employment and Housing pursuant to California Government Code §12965(b), permitting Plaintiff to bring this legal action. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "B" are said Right to Sue Notices and by reference hereto are made a part hereof.

38.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   ascertained.

2        39.     As a direct and legal result of the acts and omissions of Defendants, and each of

3   them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

4   externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

5   discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

6   who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

7   time know the exact duration or permanence of said injuries, but is informed and believes, and

8   thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

9        40.     As a further legal result of the acts and omissions of the Defendants, and each of

10   them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

11   during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

12   she will in the future be forced to incur additional expenses of the same nature, all in an amount

13   which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

14   expenses at the time of trial.

15        41.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

16   since said incidents  has been unable to engage fully in Plaintiff's occupation, and is informed and

17   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's

18   usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount

19   which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

20   loss of earnings at the time of trial.

21        42.     As a further direct and legal result of the acts and conduct of Defendants, as

22   aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

23   emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

24   discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

25   plaintiff, who will pray leave of court to assert the same when they are ascertained.

26        43.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of

27   this court.

28   / / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

44.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

45.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

**III.**

**THIRD CAUSE OF ACTION**

**(For Violation of Labor Code §§232.5, 6310 and 6400 et seq. [Unsafe Workplace/Violence]**

**Against All Defendants and DOES 1 -100, Inclusive)**

46.     Plaintiff incorporates herein by reference Paragraphs 1 through 45 of this Complaint as though set forth in full herein.

47.     Prior to, and in or around, January 2014, and continuing, Plaintiff made complaints and/or protests and/or disclosures to Defendants, and each of them, of actual and/or potential violations of California Labor Code §§232.5, 6310 and 6400, that Plaintiff and other employees were being subjected to an unsafe workplace including, but not limited to, unsafe working conditions consisting of potential workplace accidents and injuries.

48.     On or about October 3, 2014, Defendants, and each of them, retaliated against and wrongfully terminated Plaintiff for complaining about an unsafe workplace including, but not limited to, Plaintiff and other employees being subjected to an unsafe workplace including, but not limited to, unsafe working conditions consisting of workplace accidents and injuries.  When Plaintiff was wrongfully terminated, Plaintiff's complaints of an unsafe workplace and unsafe working conditions was a contributing factor and/or reason in Plaintiff's termination.

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

49.     Defendants actions violated California <u>Labor Code</u> §§232.5, 6310 and 6400, which prohibit retaliating, discriminating and/or wrongfully terminating an employee for that employee's refusal to participate in unsafe work practices and conditions and/or complaining about unsafe work practices and conditions.

50.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California <u>Civil Code</u> §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

51.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the Plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

52.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

53.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of

1 | loss of earnings at the time of trial.

2 |      54.     As a further direct and legal result of the acts and conduct of Defendants, as

3 | aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

4 | emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

5 | discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to

6 | Plaintiff, who will pray leave of court to assert the same when they are ascertained.

7 |      55.     Plaintiff has been generally damaged in an amount within the jurisdictional limits

8 | of this court.

9 |      56.     The aforementioned acts of Defendants, and each of them, were wilful, wanton,

10 | malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

11 | of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of

12 | Defendants, and each of them, and DOES 1 through 100, and with the express knowledge, consent,

13 | and ratification of managerial agents and employees of Defendants, and each of them, and DOES 1

14 | through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to

15 | be determined at the time of trial.

16 |      57.     As a result of the discriminatory acts of Defendants, and each of them, as alleged

17 | herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

18 | provided in California Code Of Civil Procedure §1021.5.

19 | IV.

20 | **FOURTH CAUSE OF ACTION**

21 | **For Violation Of California Labor Code § 1102.5 (Whistle-Blower Statute)**

22 | **Against all Defendants and DOES 1-100, Inclusive)**

23 |      58.     Plaintiff incorporates herein by reference Paragraphs 1 through 57 of this Complaint

24 | as though set forth in full herein.

25 |      59.     Prior to, and in or around, January 2014, and continuing, Plaintiff made complaints

26 | and/or protests and/or disclosures to Defendants, and each of them, of actual and/or potential

27 | violations of California Labor Code §§232.5, 6310 and 6400, that Plaintiff and other employees

28 | were being subjected to an unsafe workplace including, but not limited to, unsafe working

1  conditions consisting of potential workplace accidents and injuries.

2      60.    Defendants, and each of them, believed that Plaintiff did or might disclose

3  information to a law enforcement or government agency, or to a person with authority over

4  Plaintiff or another employee who has the authority to investigate, discover, or correct the violation

5  or noncompliance, or would provide information to, or testify before, any public body conducting

6  an investigation, hearing, or inquiry.

7      61.    By the acts herein alleged and in violation of California Labor Code §1102.5,

8  Defendants, and each of them made, adopted, and enforced rules, regulations, and policies

9  including, but not limited to, Plaintiff's termination, preventing Plaintiff from disclosing

10  information to government and law enforcement agencies, where Plaintiff had reasonable cause to

11  believe that Plaintiff's employer, Defendants, were violating unsafe workplace and unsafe

12  workplace condition laws.

13      62.    In retaliation for Plaintiff's disclosures to the Defendants that they were in violation

14  of the aforementioned laws, as herein alleged, Defendants, and each of them, instead wrongfully

15  terminated Plaintiff in violation of California Labor Code §1102.5 on or about January 17, 2015.

16  When Plaintiff was terminated, Plaintiff's complaints of violations of State and/or Federal law was

17  a contributing factor and/or reason in Plaintiff's termination.

18      63.    By the aforesaid acts and conduct of Defendants, and each of them, has been

19  directly and legally caused to suffer actual damages pursuant to California Civil Code §3333

20  including, but not limited to, loss of earnings and future earning capacity, medical and related

21  expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary

22  loss not presently ascertained, for which plaintiff will seek leave of court to amend when

23  ascertained.

24      64.    As a direct and legal result of the acts and omissions of Defendants, and each of

25  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

26  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,

27  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,

28  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   time know the exact duration or permanence of said injuries, but is informed and believes, and

2   thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

3        65.   As a further legal result of the acts and omissions of the Defendants, and each of

4   them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

5   during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

6   Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an

7   amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount

8   of said expenses at the time of trial.

9        66.   Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

10  since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is

11  informed and believes, and thereon alleges, that he will be incapacitated and unable to perform

12  Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

13  amount which is at present unascertained..  Plaintiff will pray leave of court to show the total

14  amount of loss of earnings at the time of trial.

15       67.   As a further direct and legal result of the acts and conduct of Defendants, as

16  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

17  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

18  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

19  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

20       68.   Plaintiff has been generally damaged in an amount within the jurisdictional limits of

21  this court.

22       69.   The aforementioned acts of Defendants, and each of them, were wilful, wanton,

23  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

24  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of

25  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of

26  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the

27  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

28  / / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1     70.     As a result of the discriminatory acts of Defendants, and each of them, as alleged

2 herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

3 provided in California Code Of Civil Procedure § 1021.5.

4 **V.**

5 **FIFTH CAUSE OF ACTION**

6 **(For Retaliation and Wrongful Constructive Termination in Violation of Public Policy**

7 **Against Defendants and DOES 1 -100, Inclusive)**

8     71.     Plaintiff incorporates herein by reference Paragraphs 1 through 70 as though set

9 forth in full herein.

10     72.     At all times herein mentioned, the public policy of the State of California, as

11 codified, expressed and mandated in California Government Code §12940 was to prohibit

12 employers from discriminating, harassing, and retaliating against any individual based on

13 perceived and/or physical disability(s). This public policy of the State of California is designed to

14 protect all employees and to promote the welfare and well-being of the community at large.

15 Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

16 terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,

17 retaliation and harassment, was wrongful and in contravention and violation of the express public

18 policy of the State of California, to wit, the policy set forth in California Government Code §12940

19 et seq., and the laws and regulations promulgated thereunder.

20     73.     At all times herein mentioned, the public policy of the State of California, as

21 codified, expressed and mandated in California Government Code §12945.2 was to prohibit

22 employers from discriminating and retaliating against any individual based on their taking,

23 requesting or needing Family Medical Leave. This public policy of the State of California is

24 designed to protect all employees and to promote the welfare and well-being of the community at

25 large. Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and

26 terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination

27 and retaliation, was wrongful and in contravention and violation of the express public policy of the

28 State of California, to wit, the policy set forth in California Government Code §12945.2 et seq.,

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  and the laws and regulations promulgated thereunder.

2  74.  At all times herein mentioned, the public policy of the State of California, as

3  codified, expressed and mandated in California Labor Code §§232.5, 6310 and 6400, was to

4  prohibit employers from discriminating against, retaliating against and terminating any individual

5  on the grounds of their refusal to participate in unsafe work practices and conditions and/or

6  complaining about unsafe work practices and conditions or refusing to commit an unlawful act.

7  This public policy of the State of California is designed to protect all employees and to promote the

8  welfare and well being of the community at large.  Accordingly, the actions of Defendants, and

9  each of them, in discriminating, harassing and retaliating and terminating Plaintiff on the grounds

10  alleged and described herein were wrongful and in contravention and violation of the express

11  public policy of the State of California, to wit, the policy set forth in California Labor Code

12  §§232.5, 6310 and 6400, and the laws and regulations promulgated thereunder.

13  75.  At all times herein mentioned, the public policy of the State of California, as

14  codified, expressed and mandated in California Labor Code §1102.5, was to prohibit employers

15  from discriminating against, retaliating against and terminating any individual on the grounds of

16  their complaining of unlawful activity [i.e. actual and/or potential violations of California Labor

17  Code §§232.5, 6310 and 6400, which prohibit retaliating, discriminating and/or wrongfully

18  terminating an employee for that employee's refusal to participate in unsafe work practices and

19  conditions and/or complaining about unsafe work practices and conditions; or refusing to commit

20  an unlawful act].  This public policy of the State of California is designed to protect all employees

21  and to promote the welfare and well being of the community at large.  Accordingly, the actions of

22  Defendants, and each of them, in discriminating, harassing and retaliating and terminating Plaintiff

23  on the grounds alleged and described herein were wrongful and in contravention and violation of

24  the express public policy of the State of California, to wit, the policy set forth in California Labor

25  Code § 1102.5,  et seq., and the laws and regulations promulgated thereunder.

26  76.  At all times herein mentioned, the public policy of the State of California, as

27  codified, expressed and mandated in California Labor Code §132a was to prohibit employers from

28  discriminating, harassing, and retaliating against any individual based on their making and/or

1   articulating a Worker's Compensation claim(s).  This public policy of the State of California is
2   designed to protect all employees and to promote the welfare and well-being of the community at
3   large.  Accordingly, the actions of Defendants, and each of them, in discriminating, retaliating and
4   terminating Plaintiff on the grounds of stated above, or for complaining about such discrimination,
5   retaliation and  harassment, was wrongful and in contravention and violation of the express public
6   policy of the State of California, to wit, the policy set forth in California Labor Code §132a et seq.,
7   and the laws and regulations promulgated thereunder.

8       77.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has
9   been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333
10  including, but not limited to, loss of earnings and future earning capacity, medical and related
11  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary
12  loss not presently ascertained, for which Plaintiff will seek leave of court to amend when
13  ascertained.

14      78.    As a direct and legal result of the acts and omissions of Defendants, and each of
15  them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
16  externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain,
17  discomfort and anxiety.  The exact nature and extent of said injuries are not known to the plaintiff,
18  who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this
19  time know the exact duration or permanence of said injuries, but is informed and believes, and
20  thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

21      79.    As a further legal result of the acts and omissions of the Defendants, and each of
22  them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
23  during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
24  she will in the future be forced to incur additional expenses of the same nature, all in an amount
25  which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said
26  expenses at the time of trial.

27  ///
28  ///

80.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

81.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

82.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

83.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

84.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

## VI.

## SIXTH CAUSE OF ACTION

### (For Declaratory Relief Against All Defendants and DOES 1 -100, Inclusive)

85.     Plaintiff incorporates herein by reference Paragraphs 1 through 84 as though set forth in full herein.

/ / /

PLAINTIFF'S COMPLAINT FOR DAMAGES

86.     Depending on the outcome of this lawsuit via dispositive motion and ruling and/or a trial and verdict in this matter, Plaintiff hereby requests this Court issue an affirmative and binding Declaration of Rights and Duties pursuant to the recent ruling in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203, declaring that Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, committed acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

87.     At the time of the request for Declaratory Relief, there exists and/or will exist a present and actual controversy among the parties.

88.     This Complaint, and the relevant causes of action herein, specifically plead an actual, present controversy, and the facts of the respective and underlying claims.

89.     At the time of the request for Declaratory Relief, the facts of this case will have congealed to the point that the Court can determine issues and grant relief through Declaratory Relief and issue a decree of a conclusive character, with the force and effect of a Final Judgment.

90.     As a result of the wrongful acts of Defendants, and each of them, as alleged herein, Plaintiff requests that this Court issue an Order and Ruling permanently enjoining Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes.

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

91.     As a result of the wrongful conduct of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203.

WHEREFORE, Plaintiff **ANTHONY COLLINS**, prays for judgment against the Defendants, and each of them, as follows:

1.     For general damages in an amount within the jurisdictional limits of this Court;

2.     For medical expenses and related items of expense, according to proof;

3.     For loss of earnings, according to proof;

4.     For loss of earning capacity, according to proof;

5.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.     For a permanent injunction against Defendants, and each of them, their successors, agents, representatives, employees and all persons who acted alone, or in concert with said Defendants, and each of them, from committing acts and conduct of harassment, discrimination, retaliation, or other similar acts including, but not limited to, the violations alleged in all of the relevant Causes of Action herein, and as proved and/or shown at the time of the ruling(s) and or verdict(s), and as prohibited by the Fair Employment and Housing Act, California Government Code §§12900 - 12996, and any other applicable laws, cases, codes, regulations and statutes;

8.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b) and as specifically mentioned in *Harris v. City of Santa Monica*, (2013) 56 C.4th 203;

9.     For prejudgment interest according to proof;

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

10.   For punitive and exemplary damages, according to proof;

11.   For costs of suit incurred herein; and

12.   For such other and further relief as the court may deem just and proper.

Dated: May 5, 2016

MANCINI & ASSOCIATES
A Professional Law Corporation

By:_____

MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**ANTHONY COLLINS**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# EXHIBIT "A"

1    COMPLAINT OF EMPLOYMENT DISCRIMINATION

2    BEFORE THE STATE OF CALIFORNIA

3    DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

4    Under the California Fair Employment and Housing Act
     (Gov. Code, § 12900 et seq.)

5

6    In the Matter of the Complaint of              DFEH No. 698371-158890

7    ANTHONY COLLINS, Complainant.
     C/o Mancini And Associates 15303 Ventura

8    Boulevared Suite 600
     Sherman Oaks, California 91403

9

10   vs.

11   Agent For Service  AMERISOURCEBERGEN

12   CORPORATION, Respondent.
     215 Deininger Circle

13   Corona,  California 92880

14

15

16   Complainant alleges:

17   1. Respondent AMERISOURCEBERGEN CORPORATION is a Private Employer subject to suit under the
     California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes
     respondent is subject to the FEHA.

18   2. On or around October 03, 2014, complainant alleges that respondent took the following adverse actions
     against complainant: Discrimination, Harassment, Retaliation Asked impermissible non-job-related

19   questions, Denied a good faith interactive process, Denied a work environment free of discrimination
     and/or retaliation, Denied employment, Denied family care or medical leave, Denied or forced to

20   transfer, Denied reasonable accommodation, Denied reinstatement, Terminated, Other, harassed

21   discriminated against retaliated against.  Complainant believes respondent committed these actions because
     of their: Disability, Engagement in Protected Activity, Family Care or Medical Leave .

22   3. Complainant ANTHONY COLLINS resides in the City of Sherman Oaks, State of California.  If
     complaint includes co-respondents please see below.

Date Filed: May 11, 2015

Date Amended: May 04, 2016

1

2     **Co-Respondents:**

3         WORLD COURIER INC.
          Agent For Service
          808 Hindry Avenue #H
4         Inglewood  California 90301

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-6-
*Complaint – DFEH No. 698371-158890*

Date Filed: May 11, 2015

Date Amended: May 04, 2016

1

2   **Additional Complaint Details:**

3

4   From 1/2014, and continuing at least through 10/3/14, and continuing, I was harassed,
    discriminated against and retaliated against based on my perceived and/or physical
    disability(s) (head injuries,neck injuries, bilateral shoulder injuries,right knee
5   injuries,associated conditions,others).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-7-

*Complaint – DFEH No. 698371-158890*

Date Filed: May 11, 2015

Date Amended: May 04, 2016

1

## VERIFICATION

2   I, **Marcus A Mancini**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those

3   matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4   On May 11, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5
                                                                                    Sherman Oaks CA
6                                                                                   Marcus A Mancini

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-8-

*Complaint – DFEH No. 698371-158890*

Date Filed: May 11, 2015

Date Amended: May 04, 2016

# EXHIBIT "B"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

**AMENDED**

May 11, 2015

ANTHONY COLLINS
C/o Mancini And Associates 15303 Ventura Boulevared Suite 600
Sherman Oaks, California 91403

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 698371-158890
Right to Sue: COLLINS / Agent For Service AMERISOURCEBERGEN CORPORATION

Dear ANTHONY COLLINS,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 11, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

## AMENDED

Enclosures

  cc:  WORLD COURIER INC. Agent For Service

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                           GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

## AMENDED

May 11, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 698371-158890
Right to Sue: COLLINS / Agent For Service AMERISOURCEBERGEN CORPORATION

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

1

COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

BEFORE THE STATE OF CALIFORNIA

3

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

4

Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

5

6

In the Matter of the Complaint of                    DFEH No. 698371-158890

7

ANTHONY COLLINS, Complainant.
C/o Mancini And Associates 15303 Ventura

8

Bolevared Suite 600

9

Sherman Oaks, California 91403

10

vs.

11

Agent For Service AMERISOURCEBERGEN

12

CORPORATION, Respondent.
215 Deininger Circle

13

Corona, California 92880

14

15

Complainant alleges:

16

1. Respondent **AMERISOURCEBERGEN CORPORATION** is a **Private Employer** subject to suit under the

17

California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes
respondent is subject to the FEHA.

18

2. On or around October 03, 2014, complainant alleges that respondent took the following adverse actions

19

against complainant: Discrimination, Harassment, Retaliation Asked impermissible non-job-related
questions, Denied a good faith interactive process, Denied a work environment free of discrimination

20

and/or retaliation, Denied employment, Denied family care or medical leave, Denied or forced to
transfer, Denied reasonable accommodation, Denied reinstatement, Terminated, Other, harassed

21

discriminated against retaliated against. Complainant believes respondent committed these actions because
of their: Disability, Engagement in Protected Activity, Family Care or Medical Leave .

22

3. Complainant **ANTHONY COLLINS** resides in the City of **Sherman Oaks**, State of **California**.  If
complaint includes co-respondents please see below.

DFEH 902-1

*Complaint – DFEH No. 698371-158890*

Date Filed: May 11, 2015

Date Amended: May 04, 2016

1

**Co-Respondents:**
2      WORLD COURIER INC.
       Agent For Service
3      808 Hindry Avenue #H
       Inglewood  California 90301
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1
                                                    -6-
                                    *Complaint – DFEH No. 698371-158890*

Date Filed: May 11, 2015

Date Amended: May 04, 2016

1

2   **Additional Complaint Details:**

3
    From 1/2014, and continuing at least through 10/3/14, and continuing, I was harassed,
4   discriminated against and retaliated against based on my perceived and/or physical
    disability(s) (head injuries,neck injuries, bilateral shoulder injuries,right knee
5   injuries,associated conditions,others).

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

*Complaint – DFEH No. 698371-158890*

Date Filed: May 11, 2015

Date Amended: May 04, 2016

## VERIFICATION

1

2  I, Marcus A Mancini, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

3

4  On May 11, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5

6  Sherman Oaks CA
   Marcus A Mancini

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-8-

*Complaint – DFEH No. 698371-158890*

Date Filed: May 11, 2015

Date Amended: May 04, 2016

PROOF OF SERVICE

STATE OF CALIFORNIA     )
                           ) ss.

COUNTY OF LOS ANGELES  )

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 15303 Ventura Boulevard, Suite 600, Sherman Oaks, California 91403.

        On **May 4, 2016**, I served the foregoing document described as **RIGHT TO SUE NOTICE and COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** on the interested party or parties in this action by <u>certified mail</u>, placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<u>SEE ATTACHED MAILING LIST</u>

        I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sherman Oaks, California.

        Executed on **May 4, 2016**, at Sherman Oaks, California.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
HERMINA AVAKIAN

1                                    MAILING LIST

2       AmerisourceBergen
        215 Deininger Circle
3       Corona, CA 92880

4
        AmerisourceBergen
5       c/o CT Corporation
        818 W. 7th Street, Suite 930
6       Los Angeles, CA 90017

7
        World Courier, Inc.
8       808 Hindry Avenue, #H
        Inglewood, CA 90301
9

10      World Courier, Inc.
        c/o CT Corporation
11      818 W. 7th Street, Suite 930
        Los Angeles, CA 90017

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SHORT TITLE: COLLINS v. AMERISOURCEBERGEN | CASE NUMBER **BC 6 19 6 21** |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 7 – 9 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

LA-CV109

SHORT TITLE: COLLINS v. AMERISOURCEBERGEN | CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2, 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: COLLINS v. AMERISOURCEBERGEN | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | A6151  Writ - Administrative Mandamus | 2., 8. |
| | | A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | A6141  Sister State Judgment | 2., 9. |
| | | A6160  Abstract of Judgment | 2., 6. |
| | | A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | A6030  Declaratory Relief Only | 1., 2., 8. |
| | | A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | A6121  Civil Harassment | 2., 3., 9. |
| | | A6123  Workplace Harassment | 2., 3., 9. |
| | | A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | A6190  Election Contest | 2. |
| | | A6110  Petition for Change of Name | 2., 7. |
| | | A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: COLLINS v. AMERISOURCEBERGEN | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | ADDRESS:  808 Hindry Avenue |
|---|---|

| CITY: Inglewood | STATE: CA | ZIP CODE: 90301 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd. (a).

Dated: May 4, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)
MARCUS A. MANCINI, ESQ.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)  BC 6 19 6 21
Case Number _____

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Kevin C. Brazile | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Steven J. Kleifield | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Suzanne G. Bruguera | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Michelle R. Rosenblatt | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| | Hon. Debre K. Weintraub | 47 | 507 | | | | | |

### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

MAY 0 5 2016

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____ , Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____ )

➢ (ATTORNEY FOR _____ )

➢ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
       (TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
       (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
       (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
       (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
       (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)
Date:

_____          ➢ _____
       (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

_____          ➢ _____
       (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

NOTICE SENT TO:

Mancini & Associates, APLC
15303 Ventura Blvd., Suite 600
Sherman Oaks,      CA  91403

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

**MAY 20 2016**

Sherri R. Carter, Executive Officer/Clerk
By Myra Kinney, Deputy

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| ANTHONY COLLINS                         Plaintiff(s),<br><br>VS.<br><br>AMERISOURCEBERGEN CORPORTION ET AL<br>                                        Defendant(s). | **CASE NUMBER**<br><br>BC619621<br><br>**NOTICE OF CASE<br>MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  September 15, 2016  at  8:30 am  in  Dept. 55
at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**      **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  May 20, 2016

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ✓ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date:  May 20, 2016

Sherri R. Carter, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Three